IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DUKHAN MUMIN,<br><br>        Petitioner,<br><br>vs.<br><br>DOUGLAS COUNTY, NEBRASKA, and STATE OF NEBRASKA,<br><br>        Respondents. | 8:18CV271<br><br>**MEMORANDUM AND ORDER** |

    Petitioner Dukhan Mumin has filed a "Request for Relief of Judgment Under Rule 60(b)(4)" (filing no. 1), which has been docketed as a petition for writ of habeas corpus, and motions to proceed in forma pauperis (filing nos. 4, 5). I will grant Mumin leave to proceed in forma pauperis, but I will dismiss Mumin's petition for relief upon initial review.

## I. BACKGROUND

    On November 13, 1998, Mumin entered a plea of no contest to the charge of criminal conspiracy to commit forgery in the second degree, a Class III felony, and was convicted and sentenced to ten to fifteen years imprisonment, of which he served nearly eight years. (Filing No. 1 at CM/ECF pp.1, 3, 9.) Mumin alleges he unsuccessfully challenged his conviction through a state postconviction motion and a previous federal habeas petition. (*Id*. at CM/ECF p.1); (*see Mumin v. Clarke*, Case No. 4:04CV3058 (D. Neb.) (dismissing petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 as barred by the statute of limitations)).

    Mumin has filed the present action against the Respondents, Douglas County, Nebraska, and the State of Nebraska, asking this court to declare his 1998 conviction void and to set aside his conviction. Mumin claims the District Court of

Douglas County, Nebraska, the judgment-rendering court, lacked subject matter and personal jurisdiction to enter the guilty verdict and sentence because the Information charging Mumin failed to set out facts establishing value as required for a charge of forgery in the second degree.

## II. DISCUSSION

The judgment from which Mumin seeks relief is his 1998 state-court judgment of conviction. It is clear from the form of the petition that Mumin seeks relief pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure[1] as a stand-alone request and has not sought to raise his present request for relief in his closed federal habeas case, 4:04CV3058, which challenged the same judgment of conviction.

"It is well established that a Rule 60(b) motion may not be used to 'relieve a party from operation of a judgment of conviction or sentence in a criminal case.'" *United States v. Shenett*, No. CRIM.A. 05-431 MJD, 2015 WL 3887184, at *2 (D. Minn. June 24, 2015) (quoting *United States v. Hunt,* No. 4:07–CR–121, 2008 WL 4186258, at *1 (E.D.Mo. Sept. 5, 2008) (holding that a defendant's Rule 60(b)(4) motion to vacate criminal judgment "is frivolous because a prisoner may not attack the legality of his conviction through Rule 60(b)")). Rule 60(b)(4) "is a rule of civil procedure and thus not available to challenge criminal judgments, nor may it be used to challenge state judgments of any sort in federal court." *Sherratt v. Friel*, 275 F. App'x 763, 767 n.1 (10th Cir. 2008). "At best, in its discretion a district court may choose to interpret a 60(b)(4) motion attacking a state criminal judgment as a § 2254 petition, but all the strictures of AEDPA will apply." *Id.* (citing *Gonzalez v. Crosby,* 545 U.S. 524, 531–35 (2005) (explaining proper role of Rule 60(b) in habeas cases)).

---

[1] Rule 60(b)(4) states that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void." Fed. R. Civ. P. 60(b)(4).

Construing Mumin's 60(b)(4) motion as a § 2254 habeas petition,[2] likewise, affords him no relief. As stated, Mumin unsuccessfully challenged this same judgment of conviction in earlier federal habeas corpus litigation. (*See Mumin v. Clarke*, Case No. 4:04CV3058 (D. Neb.) (dismissing petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 with prejudice)). Thus, Mumin would be required to seek the permission of the Court of Appeals to commence this second action. 28 U.S.C. § 2444(b)(2) & (3)(A). He has not done so, and this matter must be dismissed. *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (the district court lacked jurisdiction to entertain habeas petition since prisoner did not obtain an order authorizing him to file second petition).

Finally, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (filing nos. 4, 5) is granted and Petitioner is relieved from paying the filing fee.

---

[2] This action was docketed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 1651 because it appears from the face of the pleading that Mumin is no longer in custody under the sentence imposed for his 1998 conviction, a prerequisite for an action brought pursuant to 28 U.S.C. § 2254. (*See* Filing No. 1 at CM/ECF pp.3, 9 (maximum sentence of fifteen years of which Mumin served nearly eight).) However, § 2254 would apply to Mumin's petition even if his underlying sentence has expired "if substantial penalties remain after the satisfaction of the sentence." *Spencer v. Kemna*, 91 F.3d 1114, 1116 (8th Cir. 1996), *cert. granted*, 520 U.S.1165 (1997), *aff'd*, 523 U.S. 1 (1998) (citing *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968)). Thus, to the extent Mumin seeks habeas relief, I assume that § 2254 applies.

2. Petitioner's habeas corpus petition ([filing no. 1](filing no. 1)) is denied and dismissed with prejudice. The court will not issue a certificate of appealability in this matter. A separate judgment will be entered in accordance with this order.

Dated this 13th day of July, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge